### JAFFA v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

1. STREET RAILROADS (§ 117*)—OPERATIONS—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

Testimony of one injured in a collision with a street car that he drove upon the track for several blocks without looking back, that when he looked the car was 35 feet away, and that he was about to turn out when he was struck, does not authorize a finding as a matter of law that he was free from contributory negligence, and that the motorman was negligent.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 244, 250; Dec. Dig. § 117.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. STREET RAILROADS (§ 118\*)—OPERATION—ACTIONS FOR INJURIES—INSTRUC-TIONS.**

It is error to refuse to charge that a street railway company has a paramount right to its track in the middle of a block, as against one driving upon the track.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 264; Dec. Dig. § 118.\*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Morris Jaffa, an infant, by Samuel Jaffa, his guardian ad litem, against the Nassau Electric Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Francis R. Stoddard, Jr., for appellant.
Adolph. Benevy, for respondent.

WOODWARD, J. The plaintiff claims to have been injured in a collision with one of the defendant's surface cars; that he was driving upon the track, having looked back at the time of entering upon the track and seeing no car; that "after driving several blocks I looked back, and saw the car right in back of me, and I was just about to turn out when the car struck me and flung the wagon over"; that the car was about 35 feet away when he looked back; that he drove upon the car tracks to avoid the mud, etc. There was the usual testimony as to the speed of the car, how soon it could have been stopped, etc., and the learned court disposed of the questions in the following charge to the jury:

"The only question in this case, which the court is going to submit to you, is the question as to whether the plaintiff suffered any damage by reason of the fall or jumping off of the wagon which you have heard him testify to. Now, it is for you to say whether he suffered any damages at all; and, if you find that he did not suffer any damages, then you will render a verdict in favor of the defendant. If, on the other hand, you are satisfied that he did suffer injuries by reason of the occurrence which you have heard testified to, then you will render a verdict in favor of the plaintiff for such sum of damages as you think will reasonably compensate him for his pain, suffering, trouble, and inconvenience."

Counsel for defendant took an exception to this charge on the ground that it took from the jury the questions of contributory negligence and of defendant's negligence, questions which could not, under the evidence, be properly disposed of as matters of law. Counsel likewise asked the court to charge that "the question of contributory negligence is still before the jury"; but this the court refused, the defendant taking an exception.

Clearly there can be no question of the error in this charge, and the refusal to charge. The plaintiff is bound to show affirmatively that he has been free from negligence contributing to the accident. He is an interested witness, and his testimony that he traveled upon this railroad track for several blocks without looking behind him, and that when he did look back the car was within 35 feet of him, and that he was just

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

about to get out of the track when his wagon was struck, presented a question for the jury. They were not bound to believe him. If they did believe him, it was still a question of fact whether he had exercised the degree of care which the circumstances demanded. It cannot be said, as a matter of law, that a man has been free from contributory negligence under the facts testified to by the plaintiff.

The accident occurred between blocks, where the rights of the defendant, while not exclusive, were paramount, and where the motorman had a right to assume that the plaintiff would observe the superior rights of the railroad, and where it appears that the only excuse for the plaintiff being upon the track was to avoid the mud, which, so far as appears, was by no means impassable, it is assuming a good deal for a trial court to attempt to determine for the jury all of the real issues in an action for negligence. For these errors, as well as for the error in refusing the request of the defendant to charge that the defendant had a paramount right to its tracks in the middle of a block, the judgment appealed from must be reversed.

The judgment appealed from should be reversed, with costs, and a new trial granted. All concur.